IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GAILAND K. BREDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:08-cv-464 |
| | ) | |
| AMERICAN SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT
### AMERICAN SECURITY INSURANCE COMPANY

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant American Security Insurance Company ("ASIC") answers Plaintiff Gailand K. Brede's ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

For answer to the separately enumerated paragraphs of the Complaint, ASIC states as follows:

1.  ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

2.  In response to the allegations in Paragraph 2 of the Complaint, ASIC avers that the referenced deed recorded in the Register's Office for Roane County, Tennessee speaks for

itself and is the best evidence of its contents. ASIC is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations in Paragraph 2 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

3. In response to the allegations in Paragraph 3 of the Complaint, ASIC states that it is a Delaware corporation, licensed to do and doing business in the State of Tennessee. ASIC admits that it can be served with process through the Commissioner of the Tennessee Department of Commerce & Insurance at 500 James Robertson Parkway, 5th Floor, Davy Crockett Tower, Nashville, Tennessee 37243.

4. In response to the allegations in Paragraph 4 of the Complaint, ASIC admits that Plaintiff or his wife reported to ASIC that a loss to the property at 624 Buck Creek Road, Kingston, TN occurred on February 5, 2008. ASIC is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in Paragraph 4 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

5. In response to the allegations in Paragraph 5 of the Complaint, ASIC states that General Insurance Company of America, A Safeco Company, issued a Portfolio Security Policy, Control #SIF505122 (the "Policy"), to HFC, PO Box 11028, Orange, CA 92856-8128 to protect HFC's interest in the property at 624 Buck Creek Rd., Kingston, TN 37763. ASIC further states that the Policy was initially issued in March, 2006 and that Policy premiums were paid to the insurance company by HFC. ASIC further states that the Policy speaks for itself and is the best evidence of its contents, the parties thereto and the coverages thereunder. Any and all

2

K JHS2 225516 v2
2790883-000060 01/14/2010
Case 3:08-cv-00464-TWP-CCS   Document 13   Filed 01/14/10   Page 2 of 14   PageID #: 81

allegations in Paragraph 5 of the Complaint that are not specifically admitted or explained herein are hereby denied.

6. In response to the allegations in Paragraph 6 of the Complaint, ASIC states that the referenced Deed of Trust and Note speak for themselves and are the best evidence of their contents. ASIC further states that the Policy speaks for itself and is the best evidence of its contents, the parties thereto and the coverages thereunder. ASIC is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations in Paragraph 6 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

7. The allegations in Paragraph 7 of the Complaint are denied. ASIC further states that the Policy speaks for itself and is the best evidence of its contents, the parties thereto and the coverages thereunder.

8. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 8 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. In response to the third sentence in Paragraph 8 of the Complaint, ASIC admits that Plaintiff or his wife reported a loss to ASIC on February 13, 2008. ASIC denies that such loss was reported to Jeff Amos, but states that Mr. Amos was subsequently assigned to process the claim. In response to the fourth and final sentence in Paragraph 8 of the Complaint, ASIC admits that an acknowledgement of claim letter was sent to Plaintiff by Mr. Amos on February 15, 2008; such letter speaks for itself and is the best evidence of its contents. Any and all remaining allegations in Paragraph 8 of the Complaint that are not specifically admitted or explained herein are hereby denied.

9. In response to the allegations in Paragraph 9 of the Complaint, ASIC admits that Jeff Amos inspected the insured property located at 624 Buck Creek Road on February 21, 2008. All remaining allegations in Paragraph 9 of the Complaint are denied.

10. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

11. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

12. The allegations in the first sentence of Paragraph 12 of the Complaint are denied. In response to the allegations in the second sentence of Paragraph 12 of the Complaint, ASIC states that Mr. Amos sent a letter to Plaintiff dated February 25, 2008, advising Plaintiff that the $4,461.60 payment on his claim under the Policy was issued to him and HFC and was mailed to HFC as the named insured on the Policy. ASIC specifically denies that such payment should have been sent directly to Plaintiff. Any and all remaining allegations in Paragraph 12 of the Complaint are denied.

13. In response to the allegations in the first sentence of Paragraph 13 of the Complaint, ASIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the habitability of the insured property, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. However, ASIC specifically denies that it was obligated under the terms of the Policy to restore Plaintiff's house to a habitable condition. ASIC further states that the allegations regarding the actions or inactions of "the former mortgagee" are not directed at ASIC and therefore, no

4

K JHS2 225516 v2
2790883-000060 01/14/2010
Case 3:08-cv-00464-TWP-CCS   Document 13   Filed 01/14/10   Page 4 of 14   PageID #: 83

response is required from ASIC. To the extent a response may be deemed to be required, ASIC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions or inactions of HFC contained in the first sentence of Paragraph 13 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 13 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. ASIC denies the allegations in the third and final sentence of Paragraph 13 of the Complaint.

14. In response to the allegations in Paragraph 14 of the Complaint, ASIC states that the referenced hand-written sworn proof of loss, attached as Exhibit A to the Complaint, speaks for itself and is the best evidence of its contents. Any and all remaining allegations in Paragraph 14 of the Complaint are denied.

15. In response to the allegations in Paragraph 15 of the Complaint, ASIC states that Mr. Amos attempted to call Plaintiff on April 8, 2008 regarding a letter received from Plaintiff and there was no answer. Any and all remaining allegations in Paragraph 15 of the Complaint are denied.

16. In response to the allegations in Paragraph 16 of the Complaint, ASIC admits that Mr. Amos inspected the insured property on April 25, 2008. Any and all remaining allegations in Paragraph 16 of the Complaint are denied.

17. In response to the allegations in Paragraph 17 of the Complaint, ASIC admits that, as directed by HFC, on May 12, 2008 a check for $4,461.60 was sent to Plaintiff. For further response, ASIC states that the February 25, 2008 letter to Plaintiff sets forth how the payment

was calculated and speaks for itself and is the best evidence of its contents. Any and all remaining allegations in Paragraph 17 of the Complaint are denied.

18. In response to the allegations in Paragraph 18 of the Complaint, ASIC admits that, on May 15, 2008, it sent a supplemental payment to Plaintiff in the amount of $1,510.20. ASIC further states that the check and any accompanying correspondence speaks for itself and is the best evidence of its contents. In further response, ASIC states that the allegations in the second sentence of Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response may be deemed to be required, the allegations in the second sentence of Paragraph 18 of the Complaint are denied. Any and all remaining allegations in Paragraph 18 of the Complaint are denied.

19. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

20. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. However, ASIC specifically denies that the Policy provides any coverage for damage to personal property.

21. ASIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure.

22. In response to the allegations in Paragraph 22 of the Complaint, ASIC states that the referenced Exhibit B, attached to the Complaint, speaks for itself and is the best evidence of its contents.

23. In response to the allegations in Paragraph 23 of the Complaint, ASIC states that the referenced Exhibit C speaks for itself and is the best evidence of its contents.

24. ASIC repeats and realleges its responses to the allegations in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. The allegations in Paragraph 25 of the Complaint are denied.

26. The allegations in Paragraph 26 of the Complaint are denied.

27. The allegations in Paragraph 27 of the Complaint are denied.

28. The allegations in Paragraph 28 of the Complaint are denied. In further response, ASIC states that the documents referenced in Paragraph 28 of the Complaint speak for themselves and are the best evidence of their contents.

29. The allegations in Paragraph 29 of the Complaint are denied.

30. The allegations in Paragraph 30 of the Complaint are denied.

31. The allegations in Paragraph 31 of the Complaint are denied.

32. ASIC repeats and realleges its responses to the allegations of Paragraph 1 through 31 of the Complaint as if fully set forth herein.

33. In response to the allegations in Paragraph 33 of the Complaint, ASIC states that Mr. Amos is a field claims adjuster employed by ASIC who was assigned to process Plaintiff's claim. ASIC further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint regarding Plaintiff's reliance upon Mr. Amos, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. Any and all remaining allegations in Paragraph 33 of the Complaint are denied.

34. The allegations in Paragraph 34 of the Complaint are denied.

35. The allegations in Paragraph 35 of the Complaint are denied.

36. The allegations in Paragraph 36 of the Complaint are denied.

37. The allegations in Paragraph 37 of the Complaint are denied.

38. The allegations in Paragraph 38 of the Complaint are denied.

39. The allegations in Paragraph 39 of the Complaint are denied.

40. In response to the allegations in Paragraph 40 of the Complaint, ASIC states that the property at 624 Buck Creed Rd., Kingston, TN was insured by HFC for $90,078.00, which was, upon information and belief, the amount of the indebtedness owed to HFC by Plaintiff at the time the Policy was obtained. ASIC further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint regarding the market value of the insured property, the cost of debris removal, the personal property damages alleged by Plaintiff and the renting of another home by Plaintiff, and for that reason, ASIC denies them as provided by Rule 8 of the Federal Rules of Civil Procedure. ASIC specifically denies that the Policy provides any coverage for damage to personal property. Any and all remaining allegations in Paragraph 40 of the Complaint are denied.

41. The allegations in Paragraph 41 of the Complaint are denied. ASIC specifically denies that Plaintiff is entitled to any damages or other compensation, in any form, from ASIC, whether in this action or otherwise.

42. The allegations in Paragraph 42 of the Complaint are denied.

43. ASIC denies that Plaintiff is entitled to any of the relief requested in the Complaint.

44. ASIC expressly denies all allegations of the Complaint that it has not previously admitted, denied or qualified.

## THIRD DEFENSE

ASIC herein incorporates all of the provisions, exclusions and conditions within the subject Portfolio Security Policy, Control #SIF505122, (the "Policy") issued by General Insurance Company of America, A Safeco Company, to HFC, PO Box 11028, Orange, CA 92856-8128 under which Plaintiff purports to sue. The relief sought by the Plaintiff is barred by the provisions of the Policy. Specifically, Plaintiff's claims for damage to personal property are barred because the Policy does not provide any coverage for personal property. Further, Plaintiff lacks standing to sue for any other alleged loss or damage under the terms of the Policy.

## FOURTH DEFENSE

ASIC asserts that it has performed all of its obligations pursuant to the Policy in a fair, honorable, and reasonable fashion and relies upon said terms and provisions of the Policy as a complete defense and bar to this action.

## FIFTH DEFENSE

Plaintiff has breached his obligations under the Policy and is therefore barred from bringing a bad faith claim.

## SIXTH DEFENSE

To the extent that Plaintiff has sustained any legally cognizable damages as a result of the matters alleged in the Complaint, which ASIC specifically denies, Plaintiff has failed to mitigate, minimize, or avoid those damages.

## SEVENTH DEFENSE

The claims of Plaintiff are or may be barred in whole or in part to the extent that any recovery by the Plaintiff would constitute an unjust enrichment of the Plaintiff.

9

## EIGHTH DEFENSE

The claims of Plaintiff are or may be barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrines of estoppel, release, waiver or payment.

## ELEVENTH DEFENSE

No act or omission of ASIC was the proximate cause of the alleged injuries or damages of Plaintiff.

## TWELFTH DEFENSE

If the Plaintiff suffered the injuries or damages as alleged, the same resulted solely from acts or omissions of persons or entities other than ASIC, and ASIC is in no way responsible and/or liable for such acts or omissions, and such acts or omissions on the part of others constitutes an independent, intervening and sole proximate cause of such injuries or damages.

## THIRTEENTH DEFENSE

ASIC adopts and relies upon the doctrine of comparative fault. While denying that the incidents which are the subject of this action occurred as alleged in the Complaint, in the alternative ASIC avers affirmatively that if it is determined that fault should be assessed, the possible negligent acts or omissions of other persons or parties, including Plaintiff, and any of his agents in this cause, were a direct and proximate cause of any damages alleged in the Complaint. Such negligent acts or omissions of other persons or parties, including those

10

aforementioned, should be considered in reducing the liability of ASIC, if any, in this cause by the percentage of fault attributable to such other persons or parties.

## FOURTEENTH DEFENSE

Plaintiff has failed to join necessary and indispensable parties to this action.

## FIFTEENTH DEFENSE

ASIC objects, pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure, because Plaintiff is not the real party in interest as he is not an insured under the Policy at issue, nor has he brought this action on behalf of the insured lender.

## SIXTEENTH DEFENSE

Plaintiff has not satisfied conditions precedent to bringing the instant action or the claims therein.

## SEVENTEENTH DEFENSE

ASIC would show that its claim handling practices and all related activities conformed in every respect to accepted industry standards and practices.

## EIGHTEENTH DEFENSE

Some or all of the claims in the Complaint may be subject to binding arbitration.

## NINETEENTH DEFENSE

ASIC moves this Court for permission to amend this Answer to add any defenses, denials, and claims merited by its further investigation and discovery.

WHEREFORE, Defendant ASIC requests that this Court enter judgment dismissing Plaintiff's Complaint with prejudice, and that it be awarded its costs and all other appropriate relief.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant American Security Insurance Company ("ASIC") assumes the role of counter-claimant and, for its claim against Plaintiff and counter-defendant, Gailand K. Brede, states as follows:

1. ASIC is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Atlanta, Georgia.

2. Plaintiff and counter-defendant, Gailand K. Brede, is a citizen of the State of Tennessee, and resides in Roane County, Tennessee.

3. Subject matter jurisdiction exists in this Court because this is a compulsory counterclaim within the purview of Rule 13(a) of the Federal Rules of Civil Procedure. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391.

4. Plaintiff and his wife, Jacqulyn C. Brede, owned a tract of real property containing a residence in Roane County, Tennessee, located at 624 Buck Creek Road, Kingston, Tennessee (the "Property").

5. During the period relevant to this action, HFC held a mortgage on the Property.

6. At some point prior to the claim at issue, Plaintiff failed to maintain or provide HFC acceptable evidence of hazard insurance coverage on the Property. Thus, HFC obtained a Portfolio Security Policy, Control #SIF505122 from General Insurance Company of America, A Safeco Company ("the Policy"), which, together with the coverage letter attached hereto as Exhibit B, was obtained solely to protect its interest in the Property. A copy of the Policy is attached hereto as Exhibit A and incorporated herein.

K JHS2 225516 v2
2790883-000060 01/14/2010

7. In approximately April of 2006, ASIC contracted to purchase Safeco's lender placed insurance business and accounts and retained the right to issue insurance policies in the name of General Insurance Company of America, a Safeco Company. At all times relevant hereto, the Policy was held and administered by ASIC, and ASIC examined and adjusted Plaintiff's claim.

8. On February 13, 2008, Plaintiff reported a loss under the Policy, allegedly due to heavy rain and winds.

9. Pursuant to Plaintiff's claimed loss, a check in the amount of $4,461.60 was issued by ASIC to both Plaintiff and HFC and was forwarded to HFC, as the named insured on the Policy, on February 29, 2008. On May 12, 2008, and at the request of HFC, a check in this same amount was re-issued to Plaintiff alone.

10. On April 8, 2008, Plaintiff reported additional claimed damage to the subject property. ASIC issued a supplemental damage payment to Plaintiff in the amount of $1,510.20 on May 15, 2008.

11. Both of these payments were issued to Plaintiff for the express purpose of making repairs to the Property in order to protect HFC's interest in the Property.

12. Upon information and belief, Plaintiff has not used the payments from ASIC under the Policy to perform repairs on the Property. Instead, the funds are being held in escrow by Plaintiff's counsel.

13. Upon information and belief, Plaintiff defaulted under the Note and Deed of Trust held by HFC on the Property prior to the initial claimed loss in February, 2008. Plaintiff did not cure the default, and HFC ultimately foreclosed on the Property in July, 2008. The Property was resold to a third party in December, 2008.

13

K JHS2 225516 v2
2790883-000060 01/14/2010
Case 3:08-cv-00464-TWP-CCS   Document 13   Filed 01/14/10   Page 13 of 14   PageID #: 92

14. Plaintiff no longer resides at, nor has any interest in, the Property.

15. Because Plaintiff no longer has any interest in the Property, Plaintiff cannot use the funds from ASIC for their intended purpose of making repairs to the Property to protect HFC's interest in the Property. Allowing Plaintiff to retain the benefit of these funds, therefore, would be inequitable and would result in the unjust enrichment of Plaintiff.

WHEREFORE, premises considered, Defendant respectfully requests that this Court enter judgment for Defendant American Security Insurance Company requiring Plaintiff to return to ASIC the sum of $5,971.80, representing the total of the two payments made under the Policy, for pre and post judgment interest on such payments and for all other relief to which ASIC may be entitled.

Respectfully submitted,

/s/ R. Brad Morgan
S. Russell Headrick, B.P.R. No. 5750
Ashley Meredith Lowe, B.P.R. No. 20867
R. Brad Morgan, B.P.R. No. 024620
BAKER, DONELSON, BEARMAN,
　CALDWELL & BERKOWITZ
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Attorneys for Defendant*
*American Security Insurance Company*

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2010, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ R. Brad Morgan
R. Brad Morgan