IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GAILAND K. BREDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:08-cv-464 |
| | ) | |
| AMERICAN SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant American Security Insurance Company ("ASIC"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, moves this Court for entry of an Order dismissing Plaintiff's Complaint against it. As grounds for this Motion, ASIC would show unto the Court as follows:

1. Plaintiff Gailand K. Brede ("Plaintiff") asserts state law claims of breach of contract, negligence, violation of the Tennessee Consumer Protection Act, and violation of the Tennessee Bad Faith Statute against ASIC. *See* Doc. 1 at Complaint. He asserts that ASIC has not paid him all proceeds that he is owed under an insurance policy covering his residence and personal property which were damaged in a storm in February 2008. *Id.*

2. The subject insurance policy is a Portfolio Security Policy, Control #SIF505122 (the "Policy") which was lender-placed insurance issued to Plaintiff's lender, HFC, in order to protect HFC's interest in Plaintiff's property located at 624 Buck Creek Rd., Kingston, TN 37763. Doc. 13 at ¶ 5; *see also*, the Policy and Coverage Letter referenced in ¶ 6 of the

Counterclaim and attached as Exhibits A and B thereto. A copy of the Policy and Coverage Letter are also attached hereto as Exhibit 1 and incorporated herein.

3. Plaintiff was not a named insured under the Policy. *See* Exhibit 1 at BREDE 0106.

4. In Tennessee, a plaintiff may not bring an action against an insurer unless the plaintiff has "standing to sue on the policy." *RBP, L.L.C. v. Genuine Parts Co.*, 2005 WL 2789057, at *2 (W.D. Tenn. 2005). Here, Plaintiff's Complaint is properly dismissed because he lacks standing to sue on the Policy. This lack of standing deprives this Court of subject matter jurisdiction, mandating dismissal of this action. Furthermore, without standing, Plaintiff's action should be dismissed for failure to state a claim.

5. In further support of this motion, ASIC relies upon the pleadings filed in this action and its Memorandum of Law in Support of this Motion for Judgment on the Pleadings which is filed contemporaneously herewith and incorporated herein by reference.

WHEREFORE, Defendant American Security Insurance Company respectfully requests that this Court issue an order dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

/s/Ashley Meredith Lowe _____
S. Russell Headrick, B.P.R. No. 5750
Ashley Meredith Lowe, B.P.R. No. 20867
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Attorneys for Defendant*
*American Security Insurance Company*

2

CERTIFICATE OF SERVICE

       I hereby certify that on February 11, 2011, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                                                      /s/Ashley Meredith Lowe